IN THE SUPREME COURT OF THE STATE OF DELAWARE

ANTHONY WILLIAMS, § 
　 §
　Defendant Below, § No. 20, 2022
　Appellant, §
　 § Court Below—Superior Court
v. § of the State of Delaware
　 §
STATE OF DELAWARE, § Cr. ID No. 1804003122 (K)
　 §
　Plaintiff Below, §
　Appellee. §

Submitted: March 21, 2022
Decided: April 7, 2022

Before **SEITZ**, Chief Justice; **TRAYNOR** and **MONTGOMERY-REEVES**, Justices.

## <u>**ORDER**</u>

After careful consideration of the notice to show cause and the responses to the notice to show cause, it appears to the Court that:

(1) On January 18, 2022, the appellant, Anthony Williams, filed a notice of appeal from a Superior Court order, dated and docketed on August 2, 2021, summarily dismissing his first motion for postconviction relief as untimely. Under Supreme Court Rule 6, a timely notice of appeal should have been filed on or before September 1, 2021. The Senior Court Clerk issued a notice directing Williams to show cause why this appeal should not be dismissed as untimely filed.

(2)     In his responses to the notice to show cause, Williams states that he did not receive notice of the August 2, 2021 decision until "later on" as it was sent to an address on the street and then re-sent to Sussex Correctional Institution.[1]  He also contends that his appeal was untimely because he did not have sufficient access to the law library and legal materials as a result of COVID-19.  The State contends that Williams cannot show that his failure to file a timely notice of appeal is attributable to court-related personnel.

(3)     Time is a jurisdictional requirement.[2]  A notice of appeal must be received by the Office of the Clerk of this Court within the applicable time period in order to be effective.[3]  An appellant's *pro se* status does not excuse a failure to comply strictly with the jurisdictional requirements of Supreme Court Rule 6.[4] Unless an appellant can demonstrate that the failure to file a timely notice of appeal is attributable to court-related personnel, an untimely appeal cannot be considered.[5]

(4)     The Superior Court docket reflects that, on August 16, 2021, the court received a document from Williams requesting that the court rehear his motion for postconviction relief because the motion was timely filed.[6]  Williams clearly had

---

[1] Response to Notice to Show Cause at 1-2.
[2] *Carr v. State*, 554 A.2d 778, 779 (Del. 1989).
[3] Supr. Ct. R. 10(a).
[4] *Smith v. State*, 47 A.3d 481, 486-87 (Del. 2012).
[5] *Bey v. State*, 402 A.2d 362, 363 (Del. 1979).
[6] The Superior Court treated the request as an untimely motion for reargument and denied it.  *State v. Williams*, 2021 WL 5028365 (Del. Super. Ct. Oct. 29, 2021).

2

notice of the Superior Court's denial of his motion for postconviction relief by mid-August 2021, but did not file this appeal until January 18, 2022. Williams has not shown that his failure to file a timely notice of appeal is attributable to court-related personnel. Consequently, this case does not fall within the exception to the general rule that mandates the timely filing of a notice of appeal, and this appeal must be dismissed.[7]

NOW, THEREFORE, IT IS ORDERED, under Supreme Court Rule 29(b), that this appeal is DISMISSED.

BY THE COURT:

*/s/ Tamika R. Montgomery-Reeves*
Justice

---

[7] *See, e.g., Parker v. State*, 2021 WL 4495821, at *1 (Del. Sept. 30, 2021) (dismissing untimely appeal where inmate claimed his appeal was late because he lacked education regarding the law and COVID-19 restrictions interfered with his access to the prison law library); *Gregory v. State,* 2016 WL 3475205, at *1 (Del. May 24, 2016) (dismissing appeal as untimely where even if September 29, 2015 order was not sent to appellant, he had notice of the order from the docket by March 16, 2016, but did not file an appeal until April 28, 2016).